# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | : | |
| | : | **ID NO. 1410015500** |
| **v.** | : | |
| | : | |
| **ANTHONY D. BENSON,** | : | |
| | : | |
| **Defendant.** | : | |

*Submitted: December 15, 2015*
*Decided: December 17, 2015*

***Upon Consideration of Defendant's***
***Motion to Suppress***
**DENIED**

## ORDER

Lindsay A. Taylor, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State of Delaware.

William T. Deely, Esquire, Office of the Public Defender, Dover, Delaware for Defendant.

Young, J.

## SUMMARY

In this Motion to Suppress by Defendant, the facts are essentially in no dispute. The two questions presented are: 1) whether the first stop of Defendant was lawful; and 2) if the first stop was not lawful, whether the items subsequently found as a result of the second seizure of Defendant should be suppressed. Here, the original stop of Defendant was lawful, thus the items obtained as a result of his ultimate seizure are admissible. Therefore, Defendant's Motion to Suppress is **DENIED**.

## FACTS AND PROCEDURES

On October 22, 2015, Detective Hurd received information from a confidential informant ("C.I.") identifying Anthony Benson ("Defendant") by name as being in possession of a small silver gun. The C.I. indicated that Defendant was driving a dark colored SUV, which was then parked at the corner of North New Street and Fulton Street in Dover, Delaware. The C.I. also indicated that Defendant was currently wearing a white tee-shirt, black jacket, Timberland boots, and blue jeans.

Based on the tip, Detective Hurd met with the C.I. to show her a photograph of Defendant, confirming his identity. A search on DELJIS showed that Defendant was a person prohibited from possessing a firearm. Defendant's possession of a firearm would be a felony offense.

On that same day, Dover Police observed a grey SUV parked at the location identified in the tip. Police further observed an individual matching the Defendant's description enter the vehicle. Officers followed Defendant's vehicle

and stopped him. Defendant initially complied with officer commands, but then fled the scene. The officers briefly gave chase until Defendant abandoned his vehicle. Defendant was found hiding in the back yard of a private residence. Police found a gun and drugs in the area. Defendant was charged with possession of these items.

## DISCUSSION

Defendant moves to suppress the gun and drug evidence seized following his arrest on the grounds that the initial vehicle stop was unlawful. The first issue before this Court, therefore, is whether the first stop of Defendant by police was lawful.

Police may conduct a search or seizure based on probable cause.[1] When determining whether police possessed probable cause to stop a defendant, the Court should assess the totality of the circumstances.[2] This analysis involves a determination of whether "the facts and circumstances within the arresting officer's knowledge, of which he has trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed."[3] A confidential informant's tip "can provide probable cause, if the totality of the circumstances demonstrate the tip's reliability."[4] The court must

---

[1] *See LeGrande v. State*, 947 A.2d 1103, 1109 (Del. 2008) ("The analysis of whether there is probable cause to issue a search warrant is parallel to the legal analysis for a warrantless arrest.").

[2] *Id.* at 1107-08.

[3] *Stafford v. State*, 59 A.3d 1223, 1229 (Del. 2012).

[4] *State v. Holden*, 60 A.3d 1110, 1115 (Del. 2013).

3

consider factors such as "the reliability of the informant, the details contained in the informant's tip, and the degree to which the tip is corroborated by independent police surveillance and information."[5]

Defendant argues for suppression by reasoning that the C.I.'s tip did not create probable cause. Specifically, Defendant asserts that the C.I.'s tip was neither detailed nor predictive. Defendant cites to *Jones v. State*,[6] where the Delaware Supreme Court found that a search and arrest based on an anonymous tip was illegal.[7] However, the facts and circumstances of *Jones* significantly distinguish it from the instant case.

In *Jones*, very importantly, the "tip" came from an anonymous call to 911. That call provided merely that "a suspicious black male wearing a blue coat" was in the area of a street address. That vague context, the *Jones* Court held, failed to produce a credible basis for probable cause.

Here, police had knowledge of the Defendant's name, location, clothing, and vehicle. Police obtained this information not from an anonymous tip, but from a past proven reliable C.I. Therefore, the C.I.'s detailed tip, corroborated by the police's independent DELJIS research and surveillance of the location and Defendant, provided ample basis to stop Defendant. Furthermore, police had notice that Defendant was in possession of a firearm, which is a felony offense. Therefore, considering the totality of the circumstances, the police had probable cause to

---

[5] *Id.*

[6] 745 A.2d 856 (Del. 1999).

[7] *Id.* at 873.

perform a felony stop of Defendant's vehicle. Because the original stop was justified, the evidence found by police thereafter is admissible.

Even if the original stop were not valid, the evidence obtained as a result of Defendant's eventual seizure would still be admissible. Delaware law is clear that items abandoned by a defendant are not illegal fruits of an earlier attempted seizure.[8] An item is deemed abandoned when it is "discarded by a suspect who refuses to submit to an officer's authority and flees."[9] Once abandoned, a defendant loses any reasonable expectation of privacy in the items for purposes of search and seizure analysis.[10] Here, Defendant clearly abandoned the gun and drug evidence he hopes to suppress. Hence, additionally because Defendant abandoned the items, they are admissible against him.[11]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

---

[8] *Jackson v. State*, 990 A.2d 1281, 1288-89 (Del. 2009) ("The Fourth Amendment's protection from unlawful searches and seizures does not attach until an officer applies physical force to the suspect or the suspect submits to an officer's show of authority." (citing *California v. Hodari D.*, 499 U.S. 621, 626 (1991)).

[9] *Id.* at 1289.

[10] *State v. Dixon*, 2001 WL 209907, at *4.

[11] *Jackson*, 990 A.2d at 1289. ("There is no legal basis under the Fourth Amendment to suppress [...] abandoned property.").

*State v. Benson*
*Case I.D. No. 1410015500*
*December 17, 2015*

RBY/lmc
oc:     Prothonotary
cc:     Counsel
        Opinion Distribution
        File

6